**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHAN J. COLODNEY, | No. 15-56177 |
| Plaintiff - Appellant, | D.C. No. 5:14-cv-01973-VAP-SP |
| v. | |
| JAY ORR, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 24, 2016[**]

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Nathan J. Colodney appeals pro se from the district court's judgment

dismissing his diversity action alleging fraud in connection with his employment.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal of

an action as barred by the doctrine of claim preclusion. *Stewart v. U.S. Bancorp*,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

297 F.3d 953, 956 (9th Cir. 2002).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

Dismissal of Colodney's fraud claim was proper because Colodney failed to allege facts sufficient to state a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Belasco v. Wells*, 183 Cal. Rptr. 3d 840, 852 (Ct. App. 2015) (elements of a fraud claim under California law).

Dismissal without leave to amend was proper because amendment would be futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

The district court did not abuse its discretion by denying Colodney's motion to recuse and refusing to disqualify Judge Phillips.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1414 (9th Cir. 1995) (standard of review).

We reject as unsupported by the record Colodney's contentions regarding

conversion of defendant's motion to dismiss to a motion for summary judgment.

Colodney's request for re-assignment on remand, set forth in his opening and reply briefs, is denied.

**AFFIRMED.**